UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL ALAN WILLIAMS,

                Plaintiff,

v.                                            Case No. 18-cv-1053-pp

JIM SCHOCHERT, *et al.*,

                Defendants.

---

## **AMENDED** ORDER REQUIRING PLAINTIFF TO FILE SIX-MONTH CERTIFIED TRUST ACCOUNT STATEMENT

---

Plaintiff Michael Williams, who is incarcerated and representing himself, filed a complaint on July 10, 2018. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

On July 11, 2018, the clerk's office mailed the plaintiff a letter, explaining that the Prison Litigation Reform Act required him to provide the court with a certified copy of his trust account statement for the six-month period preceding the date he filed his complaint. The clerk's office asked the plaintiff to comply with its request—to provide the trust account statement—by August 1, 2018. That August 1, 2018 deadline passed almost a month ago, and the plaintiff still has not filed the trust account statement.

The caption of the plaintiff's complaint lists his name as Michael Alan Williams. Dkt. No. 1 at 1. The signature page lists his name as Michael Williams, and his Department of Corrections inmate number as 129845. Id. at 6. The complaint says that he is incarcerated at Racine Correctional

1

Institution. Id. The Wisconsin Inmate Locator service, https://appsdoc.wi.gov/lop/detail.do, shows that the person with that inmate number is Michael *E.* Williams, and lists as an alias Michael A. Williams. The court mentions this because it wondered whether the plaintiff might not have received the clerk's office's letter. But the letter has not come back to the court by return mail, and the inmate locator indicates that the plaintiff is still at Racine Correctional Institution.

Without a trust account statement, the court cannot determine whether the plaintiff is eligible to proceed without prepayment of the filing fee. And until it can decide that issue, the court can't do anything else with the plaintiff's case. The plaintiff must do one of the following three things: (1) pay the $400 filing fee; or (2) provide the court with a certified copy of his trust account statement for the six-month period preceding the date he filed his complaint (so, the period from January 2018 through June 2018); or (3) explain to the court why he is unable to either pay the filing fee or provide the court with his trust account statement. If the plaintiff does nothing, the court may dismiss his case for failure to diligently pursue it under Civil Local Rule 41(c).

The court **ORDERS** that the plaintiff must (1) pay the $400 filing fee; **or** (2) provide the court with a copy of his trust account statement for January through June 2018; **or** (3) provide the court with a written explanation of why he is unable to either pay the filing fee or provide the court with a certified copy of his trust account statement, ***in time for the court to receive it by the end of the day on September 28, 2018***. If the court does not receive anything

from the plaintiff by the end of the day on **~~Friday, June 21, 2018~~ September 28, 2018**,** the court will dismiss his complaint without prejudice for failure to diligently pursue it.

Dated in Milwaukee, Wisconsin, this 30th day of August, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER
United States District Judge**