UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL ALAN WILLIAMS,

Plaintiff,

v. Case No. 18-cv-1053-pp

JIM SCHOCHERT, PAUL KEMPER, and
SINAI SAMARITAN MEDICAL CENTER,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), GRANTING HIS MOTION FOR EXTENSION OF TIME TO PAY THE INITIAL PARTIAL FILING FEE (DKT. NO. 10), DENYING AS MOOT HIS MOTION TO ORDER HIS INSTITUTION TO PROCESS HIS DISBURSEMENT REQUEST (DKT. NO. 10), SCREENING THE COMPLAINT (DKT. NO. 1) AND DISMISSING THE CASE**

---

The plaintiff filed a complaint under §1983, alleging that the defendants are violating his constitutional rights. Dkt. No. 1. He also filed a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. §1915, dkt. no. 2, as well as a motion for an extension of time to pay the initial partial filing fee and a request for an order forcing his institution to process his disbursement request, dkt. no. 10. This decision resolves the plaintiff's motions and screens his complaint.

I. <u>Motion for Leave to Proceed without Prepayment of the Filing Fee</u>

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee if he meets certain conditions.

One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On September 11, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $32.82 by October 2, 2018. Dkt. No. 9. A few days before the deadline, the court received a motion from the plaintiff, asking for additional time to pay the fee and asking the court to issue an order compelling his institution to process his disbursement request. Dkt. No. 10. A little over a week later, on October 9, 2018, the court received the initial partial filing fee from the plaintiff. Accordingly, the court will grant the plaintiff's motion for additional time to pay the fee, grant his motion to proceed without prepayment of the filing fee and deny as moot his motion to order his institution to process his disbursement request. The court will require the plaintiff to pay the remainder of the $350 filing fee over time in the manner explained at the end of this order.

II. Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) someone deprived him of a right secured by the Constitution or laws of the United States; and 2) the person who deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**A. The Plaintiff's Allegations**

The plaintiff is suing Jim Schochert, the administrator of the Department of Corrections (DOC) Division of Adult Institutions (DAI); Paul Kemper, the warden of Racine Correctional Institution, where the plaintiff is currently housed; and Sinai Samaritan Medical Center. Dkt. No. 1 at 1-2. The plaintiff attached thirteen exhibits to his complaint, which he incorporated by reference. Dkt. No. 1-1. The exhibits include inmate complaints he filed at his institution, decisions on his inmate complaints, state court orders and correspondence from the plaintiff to various recipients. Under Federal Rule of Civil Procedure 10(c), these exhibits are considered part of the plaintiff's

complaint, so the court will rely on them, and on the plaintiff's allegations in the complaint itself, when screening the complaint.

On December 12, 1994, Milwaukee County Circuit Court Judge Patricia McMahon sentenced the plaintiff, and ordered him to pay restitution in the amount of the victims' hospital expenses. Dkt. No. 1-1 at 3, 6, 27. On July 20, 1995, a DOC probation agent filed a letter to the circuit court judge—Judge Jeffrey Wagner—asking that the court determine that in lieu of the restitution Judge McMahon had ordered, the court require the plaintiff to make a donation of $1,230 to the Sexual Assault Treatment Center at Sinai Samaritan. Id. at 21-22. The agent explained that Medicaid (sometimes referred to as "Title 19," because it was established by Title 19 of the Social Security Act) had paid for the examinations of the two victims, so the agent was asking the court to require the plaintiff to make a donation in lieu of paying the examination costs. Id. The court granted the request that same day, but for some unexplained reason, no one added the restitution amount to the plaintiff's assessments or included it in his judgment of conviction. Id. at 7-8, 28.

According to the plaintiff, he did not know that the court ordered the restitution/donation until December 30, 2016. Dkt. No. 1 at 5. He learned about it after Schochert announced that, in December 2016, the DAI would begin to use new trust account software. Id. at 2; Dkt. No. 1-1 at 1-2. In setting up the new system, it came to the DAI's attention that the 1995 restitution order had never been added in the old system. Dkt. No. 1-1 at 3.

The plaintiff filed an inmate complaint on November 30, 2017, complaining about the fact that he "was told he owe[d] debts that were not or never set up for deductions 22 years ago." Id. The inmate complaint examiner (ICE), who is not a defendant, suggested that the complaint be dismissed. Id. The plaintiff appealed that decision, and the correctional complaint examiner (CCE), who is not a defendant, also suggested the complaint be dismissed. Id. at 5. The CCE informed the plaintiff that the court order was clear, and, that if he wanted to challenge the order, he needed to do so through the sentencing court. Id.

The plaintiff did just that, and, on March 2, 2018, Milwaukee Circuit Judge Jeffrey Wagner vacated the restitution order that had required the plaintiff to make a donation in the amount of $1,230. Id. at 6-8. Judge Wagner denied the plaintiff's motion for an order stopping the DOC from deducting money from his prison account to satisfy the order. Id. at 8. Judge Wagner instructed the plaintiff to direct his concerns to the business office at his institution. Id.

On March 20, 2018, the plaintiff filed an information request explaining that Judge Wagner had vacated the restitution order and that he had recently asked the business office to reimburse him for all deductions it had made in compliance with the original order. Id. at 11. A representative from the business office, who is not a defendant, informed the plaintiff that the business office had not received an order from the court; she also told him that the

business office was not responsible for seeking reimbursement from entities that receive funds. Id.

A few days later, the plaintiff filed an inmate complaint demanding repayment of the money deducted from his account pursuant to the original restitution order. Id. at 13. The ICE, who is not a defendant, recommended that the complaint be dismissed. Id. The ICE explained that the business office had not yet received an amended judgment of conviction, so it could not adjust deductions from the plaintiff's account. Id. The ICE also explained that when an inmate receives an amended judgment of conviction, the DAI is not responsible for seeking a refund from the entity who received funds nor is it responsible to reimburse an inmate for funds that were deducted pursuant to an order before it was amended. Id.

The plaintiff also wrote a letter to DOC Secretary Litscher. Defendant Kemper responded on behalf of the Secretary on May 1, 2018. Id. at 14. He informed the plaintiff that on April 2, 2018, the business office had reviewed the amended judgment of conviction, dated March 26, 2018, and had stopped collecting funds from the plaintiff's account that same day. Id. He also informed the plaintiff that DAI would not assist the plaintiff in seeking reimbursement of the funds, which Kemper stated were collected in good faith. Id.

The plaintiff alleges that Schochert and Kemper violated his right to due process and demonstrated deliberate indifference by "taking away his . . . property and liberty without fair process of a hearing and not . . . refunding his

funds even after the plaintiff requested such assistance." Dkt. No. 1 at 4. The plaintiff further alleges that Sinai Samaritan "accepted and received Fraudul[e]nt payments and knowingly defrauded the system by accepting and receiving payments by fraud which is a deception deliberately practiced to secure unfair and unlawful gain." Id.

**B. The Court's Analysis**

The complaint fails to state a claim against the defendants. Although the plaintiff uses the phrase "deliberate indifference," which is associated with alleged violations of the Eighth Amendment, to describe the defendants' conduct, his claim is best analyzed as a due process claim under the Fourteenth Amendment. See Lindell v. Huibregste, 205 Fed. App'x 446, 449-50 (7th Cir. 2006) (holding that a plaintiff cannot save or expand his claims "by attaching an 'additional constitutional label' to them"); see Conyers v. Abitz, 416 F.3d 580, 586 (7th Cir. 2005) ("constitutional claims must be addressed under the most applicable provision"). The Fourteenth Amendment prohibits the state from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.

The plaintiff acknowledges that, in 1995, a judge entered a restitution order requiring the plaintiff to donate $1,230 to Sinai Samaritan. The plaintiff also acknowledges that he did not challenge that order until December 2017, and that the court did not vacate the order until March 2018. DOC officials must accept and implement an order entered by a court. They are neither required to, nor do they have the authority to, perform an independent

assessment regarding the validity of a court's order—they simply must do what the court tells them to do. Because the restitution order was valid until March 2018, the deductions the DOC made from the plaintiff's prison account consistent with that order did not violate the Constitution.

The plaintiff appears to be most upset about Kemper's decision that the DOC would not reimburse the plaintiff for the deductions made before the order was vacated and would not help plaintiff to convince Sinai Samaritan to reimburse the plaintiff. Nothing in the Constitution requires the DOC to assist the plaintiff this way. Once the court vacated the order and amended the judgment of conviction, the Constitution required only that the DOC stop making deductions from the plaintiff's account, which it did. Beyond that, it is up to the DOC whether or how it wants to help the plaintiff, or to determine whether it even has the legal authority to help the plaintiff. Kemper's refusal to get involved, while disappointing to the plaintiff, does not violate the Constitution.

Finally, the complaint does not state a claim against Sinai Samaritan. To state a claim under §1983, a plaintiff must allege that "(1) the defendants deprived him of a federal constitutional right; and (2) that the defendants acted under the color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). The complaint does not satisfy either prong. As to the first prong, the plaintiff alleges that the *DOC*, not Sinai Samaritan, took the money out of his account. The DOC deducted the money under a valid court order, so Sinai did nothing wrong by accepting those payments.

As to the second prong, Sinai Samaritan did not act under the color of state law when it accepted the court-ordered payments. The law defines the phrase "acting under color of [state] law" as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Monroe v. Pape, 365 U.S. 167, 184 (1961). Sinai did not misuse power and it was not cloaked in the authority of state law when it accepted payments that a court had ordered the plaintiff to pay to it. Accordingly, the plaintiff may not proceed against Sinai Samaritan.

The court can understand the plaintiff's frustration, but federal law does not provide the relief he seeks. If the plaintiff wants to seek reimbursement from Sinai Samaritan, he must do so in state court. The plaintiff does not have a constitutional claim against Sinai or any DOC employee.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for extension of time to pay the initial partial filing fee and **DENIES as moot** his motion to order his institution to process his disbursement request. Dkt. No. 10.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g) and will enter judgment accordingly.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $317.18 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of Racine Correctional Institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2).

Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 19th day of November, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**